## Strip v. Leo.

*Capias ad satisfaciendum — Discharge for insolvency — Discretion of the court—Acts of June 16, 1836, June 4, 1901, and June 1, 1915.*

1. Under section 4 of the Act of June 1, 1915, P. L. 704, if it appear that a defendant, arrested on a *capias ad satisfaciendum,* is without means or property with which to pay the judgment against him, and has not secreted his property, the court has discretionary power to discharge him without requiring him to undergo imprisonment for sixty days. After such imprisonment, his discharge is obligatory.

2. Where the defendant had been found guilty of criminal conversation with plaintiff's wife, the jury had awarded punitive damages, and the evidence showed that he was wont to squander his earnings, the court refused a discharge before the sixty days had expired.

3. *Quere.* Whether the Act of June 16, 1836, P. L. 729, has been repealed by the Act of June 4, 1901, P. L. 404, several of the lower courts having held that the latter act (including its repealing clause) is suspended by the Federal Bankrupt Law.

Application for discharge of defendant from arrest on *capias ad satisfaciendum.* C. P. Washington Co., Aug. T., 1922, No. 19.

*Vernon Hazzard,* for plaintiff; *A. Kirk Wrenshall,* for defendant.

BROWNSON, P. J., April 30, 1923.—This application for discharge of the defendant from arrest on a *capias ad satisfaciendum* is made under the Act of June 1, 1915, P. L. 704. That act provides, in section 4, that upon hearing, "if it shall appear to the court that the petitioner is without means or property with which to pay the judgment, and that he has not secreted or assigned any of his property so as to avoid the payment of the judgment, the court may discharge him from arrest and in said proceedings; but such discharge shall not in any way affect the judgment entered against him. Any person arrested (etc.) shall be discharged at the expiration of sixty days from the date of the commitment, if compliance is had with all the requirements of this act and all other acts of assembly relating to insolvency." The effect of these provisions is that the court has (subject to the possible qualification below mentioned) discretionary power to discharge a defendant so

arrested without requiring him first to undergo an imprisonment of sixty days (if he has not secreted or assigned property, etc.), or to refuse such discharge, but is required to discharge him, after he has suffered such imprisonment, on compliance with the applicable statutory provisions: Primavera *v.* Jennings, 1 D. & C. 801, 70 Pitts. L. J. 376; Sublinsky *v.* Morosky, 70 Pitts. L. J. 958; De Many *v.* Wainer, 25 Dist. R. 687; Ostrowske's Petition, 79 Pa. Superior Ct. 311.

The defendant was, on March 31, 1923, released under the provisions of section 2 of the Act of 1915, upon his giving bond for a hearing, etc. At the hearing, the testimony indicated that he has not secreted nor assigned any property to avoid payment of the judgment, and that he is not possessed of the means to pay the same.

The judgment in this instance was recovered in an action of tort, the cause of action averred being that the defendant, by persuasion of, and criminal conversation with, the plaintiff's wife, alienated her affections and caused her to elope and live with the defendant. The jury returned a verdict awarding damages in the sum of $1000, whereof $800 was expressly stated in the verdict to be punitive damages.

Section 17 of the act for the relief of insolvents, approved June 16, 1836, P. L. 729, provided that a prisoner in confinement under process upon a judgment "in an action founded upon actual force, or upon actual fraud or deceit, or in an action for libel or slander, malicious prosecution or conspiracy, or in an action for seduction or criminal conversation, where the damages found by the jury shall exceed the sum of $100, . . . shall not be entitled to be discharged from such imprisonment or arrest until he shall have been in confinement during a term of at least sixty days." There is a question whether this act has been repealed by the Act of June 4, 1901, P. L. 404, a number of the lower courts having held that the whole of the latter act, including the repealing section, is suspended by the Federal bankrupt law. But whether section 17 of the Act of 1836 is or is not in force, and whether it is or is not applicable to the present case, it at least suggests a thought which is relevant to the question whether it would be a proper exercise of discretion to grant the defendant a discharge at the present time. His criminal conduct with the plaintiff's wife was such as to lead the jury to award punitive damages to the amount of $800. He has no money or means with which to pay the judgment, and the evidence at the hearing indicates that he squanders his earnings as fast as they are received. If he be now discharged, the probabilities are that he will escape the punishment for his flagrant violation of the plaintiff's rights which the jury intended to impose upon him. The present case is the reverse of the one passed upon by Whitten, J., in Sublinsky *v.* Morosky, 70 Pitts. L. J. 958, and we do not think that in this instance it would be a wise and just exercise of discretion to grant a discharge before the defendant has suffered sixty days of imprisonment.

The plaintiff has made the objection that notice by publication was not given in accordance with section 3 of the Act of 1915. The petition averred that the judgment in favor of the plaintiff is the only debt the defendant owes, and personal notice was given to the plaintiff, who would seem not to be interested in asserting the rights of any supposed creditors other than himself. However, the form of the order which we shall make will be such that if notice by publication to possible creditors should be deemed requisite, it can still be given, previous to the further hearing at the expiration of the sixty days. The question whether the provision for such notice is mandatory in all cases can then be considered.

4 D. & C.

Strip *v.* Leo.

And now, April 30, 1923, after hearing and due consideration, it is ordered that the defendant surrender himself to the warden of the jail of Washington County, to the end that he shall be held in confinement therein under the writ of *capias ad satisfaciendum* issued in this case (from which confinement he was temporarily released under bond for hearing), and the pending rule is continued. And it is further ordered that when the defendant shall have been confined under said writ for the period of sixty days altogether (counting and including in this period the time for which he was so confined previous to his release upon bond, on March 31, 1923), he shall then be discharged from arrest, provided it shall then be made to appear that compliance has been had with the Act of June 1, 1915, P. L. 704, and all other acts of assembly relating to insolvency.

From Harry D. Hamilton, Washington, Pa.

NOTE.—In Sublinsky *v.* Morosky, Westmoreland County, Feb. T., 1921, No. 58, cited in the instant case, the opinion was as follows:

WHITTEN, J.—The defendant in this case was arrested on a writ of *capias ad satisfaciendum* as a result of a judgment obtained at No. 58, February Term, 1921, wherein a verdict of $800 was rendered against him. The nature of the case was breach of promise of marriage. The defendant presented his petition in accordance with the terms and provisions of the Act of June 1, 1915, P. L. 704, and thereupon a rule was granted on the plaintiff to show cause why the defendant should not be discharged from arrest.

The first three sections of the Act of 1915 deal particularly with the procedure to secure the discharge of a person arrested or held in custody by virtue of any process issued on a judgment obtained in any civil action. The 4th section is as follows: "Section 4. Upon the hearing of the rule, the petitioner shall be required to answer all questions put to him and shall produce all books and papers required of him; and if it shall appear to the court that the petitioner is without means or property with which to pay the judgment, and that he has not secreted or assigned any of his property so as to avoid the payment of the judgment, the court may discharge him from arrest and in said proceedings; but such discharge shall not in any way affect the judgment entered against him. Any person arrested or held in custody on or by virtue of any process issued on a judgment obtained in any civil action in this Commonwealth shall be discharged at the expiration of sixty days from the date of the commitment if compliance is had with all the requirements of this act and all other acts of assembly relating to insolvency."

Section 5 is as follows: "Section 5. All acts or parts of acts inconsistent herewith be and the same are hereby repealed."

The Act of 1915 was considered in the following cases: In re Reisker's Discharge, 27 Dist. R. 140; De May *v.* Warner, 44 Pa. C. C. Reps. 699, and also in Primavera *v.* Jennings, 1 D. & C. 801.

In the latter case it was held that: "Under the provisions of the Act of June 1, 1915, P. L. 704, the court is given discretionary power to hold or discharge from arrest a defendant in an action of trespass, if satisfied that all the provisions of the act have been complied with on the part of the defendant."

In the case of Thomas H. Craig, 2 Phila. 391, it was held that a defendant in an action for breach of promise of marriage will be discharged under the Insolvent Act of June 16, 1836, P. L. 729, without sixty days' imprisonment, unless actual fraud be proved on the hearing.

The Act of 1915 does not repeal all former acts relating to insolvency, but only such as are inconsistent therewith.

The proofs offered at the trial of this cause did not disclose actual force or fraud, seduction or criminal conversation committed by the defendant, but only the breach of a contract to marry the plaintiff. Therefore, section 17 of the Act of June 16, 1836, P. L. 729, does not require that the defendant be imprisoned for the term of sixty days.

At the hearing upon the defendant's petition for his discharge from arrest, compliance was made with all the requirements of the Act of 1915. No creditor except the plaintiff appeared to oppose the defendant's discharge.

There was no evidence that defendant had fraudulently disposed of or secreted any of his property, or that he concealed the same to defraud any creditor. In fact, it appears that the defendant has no real estate and no personal property,

except some household goods, and that the latter were purchased upon the instalment plan, and that little has been paid thereon.

The defendant has a wife and one small child, and is earning $120 per month as an employee of a coal mining company. Should the defendant accumulate property, the same will be subject to seizure upon a writ of *fi. fa.* to satisfy the plaintiff's judgment.

The court is of the opinion that, in view of the facts here presented, the Act of 1915 does not require that the defendant be imprisoned for the space of sixty days before being discharged, but that the court, in view of the circumstances attending this case and in the exercise of a wise discretion, may discharge the defendant from arrest presently.

It is not apparent that, if imprisoned, the defendant could pay the plaintiff's judgment in order to secure his release; and, therefore, such imprisonment would accomplish nothing beneficial to the plaintiff, but only the punishment of the defendant. For the present, it seems proper that the defendant be discharged from arrest upon the present writ of *ca. sa.*, to the end that he may immediately support his family and later pay his just debts. The defendant should, however, pay the costs incident to the writ of *ca. sa.* at the above number and term.